U.S. FILED
EASTERN DISTRICT COURT
EASTERN DISTRICT OF LA

2004 MAY 11  AM 10: 36

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BERK-COHEN ASSOCIATES, L.L.C. (FOREST ISLE APARTMENTS | * * * | CIVIL ACTION NO. 94-3090 REF. 03-574 |
| VERSUS | * * | SECTION "L" MAGISTRATE 4 |
| ORKIN EXTERMINATING COMPANY, INC. | * * * | JURY TRIAL DEMANDED |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN OPPOSITION TO ORKIN'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S FRAUD CLAIM

**I.   The Jury's finding of fraud is supported by the evidence.**

As Orkin notes in its memorandum, judgment as a matter of law is appropriate in cases where "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. Pro. 50(a)(1). Orkin argues that there was no sufficient evidentiary basis to support the jury's conclusion that Orkin was guilty of fraud. Specifically, Orkin claims there was insufficient evidence to support the jury's conclusion that Orkin misrepresented a material fact with the intent to deceive, and that there was insufficient evidence to support a finding of justifiable reliance. As explained below, Berk-Cohen presented sufficient evidence on both points.

___ Fee_____
___ Process____
 X  Dktd_____
___ CtRmDep___
___ Doc. No.__152

1

A.  **Evidence of Material Misrepresentation Made with Intent to Deceive.**

At trial, Berk-Cohen presented evidence of affirmative misstatements as well as fraud by silence. With respect to the affirmative misstatements, Berk-Cohen presented the parties May 29, 2002 stipulation that "all renewal amounts have been paid," and the testimony of Tim Spahr that he was told in August, 2002 by Orkin's service manager, Tyrone Harrell, that Berk-Cohen had no delinquent amounts owing on its account. Orkin's argument that the stipulation was not a misstatement because it was entered more than one month after the renewal amount was due, but 1 month before the date on the last of the five renewal notices is transparent indeed. Orkin has repeatedly argued that the contract required payment of the annual renewal on or before the renewal date of April 21. If my light bill is due on May 1, but my electricity won't be disconnected for nonpayment until June 15, a statement by Entergy on May 31 that all amounts had been paid certainly could not be later defended as truthful on the basis that the lights hadn't been cut off yet.

With respect to fraud by silence, Orkin argues that there is no fraud by silence unless there is a duty to speak. Assuming arguendo that the nature of Orkin's relationship with Berk-Cohen did not create any duty to disclose, there are two important reasons that Orkin did have a duty to disclose Berk-Cohen's nonpayment of the annual renewal.

First, the testimony at trial was that Orkin was specifically asked in August, 2002 whether it was delinquent with respect to any amounts owed to Orkin. Tim Spahr testified that he received a form letter from Orkin in August, 2002 which indicated a possible "lapse in coverage" *See* Ex. FI-8. Mr. Spahr further testified that he called Orkin about the letter, and was told that the letter had been sent in error and should be disregarded. Finally, Tim Spahr further testified that he specifically asked whether Forest Isle had any delinquencies in payment, and

2

62429v1

was told it did not. Mr. Harrell testified at trial, but did not contradict Mr. Spahr's testimony on this point. The law mandates that even where there may be no duty to speak, a party of whom inquiry is made must not conceal, or fail to disclose pertinent information in responding to the inquiry. *See* 37 Am. Jur. 2d Fraud and Deceit §208.

Second, Orkin concedes that its stipulation of May 29, 2002 that "all renewal amounts have been paid" was, at a minimum, inartfully worded. *See* Ex. FI-7, ¶26. Orkin's corporate representative further testified that he discovered that the stipulation was incorrect in June, 2002. Even where there is no duty to speak, the law imposes a duty to correct prior misstatements.

In sum, Berk-Cohen produced ample evidence to support the jury's conclusion that Orkin was guilty of a misrepresentation of a material fact made with an intent to deceive.

### B.   Evidence of Justifiable Reliance.

Orkin further argues that Berk-Cohen failed to prove that it justifiably relied on any misrepresentation of Orkin. This argument has two parts: (1) Berk-Cohen failed to prove actual reliance; and (2) any reliance was unjustified because Berk-Cohen could have discovered the truth.

With respect to actual reliance, the testimony of Tim Spahr alone satisfies Berk-Cohen's burden on this issue. For the year 2002, Berk-Cohen had tasked Mr. Spahr with the responsibility of handling all billings received from Orkin. As part of this responsibility, all mail from Orkin was forwarded to him -- bills for spot treatments were paid; spot treatment renewal notices were filed away. When Mr. Spahr received Orkin's form letter indicating a possible lapse in coverage, he called Mr. Harrell to inquire and was told to ignore the letter and that there were no delinquent amounts owed. Mr. Spahr documented the call, and filed the letter away, but did

3

nothing further. It is clear under these facts that he relied on Mr. Harrell's statement. With respect to the stipulation, Mr. Enslow reviewed the stipulation shortly after it was executed, and it formed the basis of his understanding that the contract remained in full force and effect.

With respect to whether Berk-Cohen's reliance was justified, Orkin relies on the following quote from *Lewis v. Bank of America NA*, 343 F.3d 540 (5th Cir. 2003): "a fraud plaintiff 'cannot recover if he blindly relies upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation." The quote actually comes from the United States Supreme Court case of *Field v. Mans*, 516 U.S., 71, 116 S. Ct. 437, 133 L.Ed.2d 351 (1995), and is followed by the following explanation: "Thus, if one induces another to buy a horse by representing it to be sound, the purchaser cannot recover even though the horse has but one eye, if the horse is shown to the purchaser before he buys it and the slightest inspection would have disclosed the defect. On the other hand, the rule stated in this Section applies only when the recipient of the misrepresentation is capable of appreciating its falsity at the time by using its senses." The Court further states that "a person is justified in relying on a representation of fact 'although he might have ascertained the falsity of the representation had he made an investigation.'" *Id.* at 70; *see also In re Mercer*, 246 F.3d 391, 418 (5th Cir. 2001) (observing that there is generally no duty to investigate unless falsity is obvious or there are "red flags" indicating that reliance is unwarranted). In light of the foregoing, Orkin's argument that the reliance was not justified because Berk-Cohen could have discovered the truth must be rejected.

II.     **Berk-Cohen has an independent fraud claim**

Orkin further contends because the jury concluded that Orkin did not breach its contract with Berk-Cohen, the finding of fraud must be set aside. Orkin argues, without

4

62429v1

authority, that there can be no fraud without a breach of contract. This is incorrect. Orkin argued at trial that under the terms of its contract, it was entitled to cancel the contract for nonpayment at anytime after the April renewal date if payment had not been remitted. The jury may have concluded that because no payment was received, Orkin's cancellation was not a breach of the contract. However, the jury also apparently concluded that Orkin was guilty of fraud. One possible explanation of this is that the jury believed Berk-Cohen had an unconditional obligation to pay the renewal, but that Orkin's conduct (*e.g.*, executing the stipulation, and never correcting the false statement contained therein, and specifically telling Forest Isle that it had no delinquent amounts) supported a finding of fraud. Specifically, the jury may have concluded that the conduct constituted: (1) a misrepresentation of material fact; (2) made with the intent to deceive; (3) Berk-Cohen justifiably relied on the misrepresentation; and (4) as a result, Berk-Cohen didn't pay its bill, and its contract was cancelled, resulting in damages. These factual conclusions squarely satisfy the elements of a cause of action for fraud. In sum, an obligor may take some action that is authorized by the four corners of its contract, but nonetheless be liable for lying to its obligee in the process. Such a situation gives rise to a claim for delictual fraud.

      Although Orkin correctly notes that mere contractual relationships do not impose a fiduciary duty, a fiduciary duty is not required for a fraud claim. Similarly, Orkin claims that Berk-Cohen has not established the existence of a duty owed by Orkin outside the contract and therefore its fraud claims should be dismissed as a matter of law. Berk-Cohen is not required to establish the existence of an independent duty not to commit fraud; Louisiana's long-standing law that parties may not commit fraud establishes the duty. Orkin adamantly asserts that "the mere assertion of a fraud claim does not, under the facts of this case, create a duty outside of the

5

contract," and that as a result, "the jury's finding that Orkin did not breach its contract with Berk-Cohen by definition precludes a finding of fraud." Berk-Cohen cites no authority for this argument. Undersigned counsel concedes that it has found no case with an identical factual scenario. However, the following cases provide some guidance:

In *Timeshare Universe, Inc. v. Grossman*, the plaintiff filed breach of contract and fraud claims against three individuals who he claimed bilked him out of hundreds of thousands of dollars by inducing him to pay them large salaries and fees based on false promises to raise investment funds for his business. One of the defendants, John Wunder, had entered into an employment agreement with the plaintiff. Ultimately, the jury found that that Wunder had committed fraud by making material misrepresentations to the plaintiff. However, the court also found that the plaintiff had failed to establish that Wunder had breached his contract with the plaintiff. In sum, the court had no difficulty concluding that a fraud had occurred notwithstanding that there was insufficient evidence of a breach of any contractual duty. 2003 W.L. 22937726 (N.D. Cal. 2003).

In *Regal Cinnamon's, Inc. v. W&M Properties*, 2004 W.L. 187528 (6th Cir. 2004), a movie theater brought fraud and breach of contract claims against developers arising out of a real estate transaction under which the developers were to build a theater at a shopping center. The case was tried to a jury and the jury found that although the defendant had not breached its contract with the movie theater, it was guilty of fraud. *See* \*6.

In *Everts v. Parkinson*, 555 S.E.2nd 667 (N.C. App. 2001), the plaintiffs had purchased a house from the defendants which was clad with synthetic stucco. After the plaintiffs discovered significant water intrusion and wood rot problems in the house, they filed suit against the sellers for fraud and breach of contract. The court found that the plaintiffs had no breach of

6

contract claim because there was no express provision in the contract which had been breached by the defendants. However, the court found that the plaintiffs had stated a claim for fraud against the seller based on the seller's duty to disclose the existence of any known material defects in the home.

*See also Olympia Hotels Court v. Johnson Wax Development Corp.*, 908 F.2d 1363, 1371-72 (7th Cir. 1990) (noting in the context of election of remedies that a party should not be required to elect between a contract remedy and a fraud remedy because "the jury might find that [the plaintiff] had a good claim for fraud but not for breach of contract.").

### Conclusion

In sum, Louisiana law provides that parties cannot commit fraud whether against someone with whom they have a fiduciary relationship, a contractual relationship, or no prior relationship at all. As explained above, Berk-Cohen satisfied its burden of proof with each of the elements of its claim for fraud, and as a result, Orkin's motion should be denied.

Respectfully submitted,

_____
James R. Swanson, 18455
Loretta G. Mince, 25796
Joseph C. Peiffer, 26459
CORRERO FISHMAN HAYGOOD
PHELPS WALMSLEY & CASTEIX, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Attorneys for Berk-Cohen Associates, L.L.C.

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by Telefax or by United States mail, postage prepaid and properly addressed, this 10 day of May, 2004.